UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KC FILED
FEB 06 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Homewood Inc. d/b/a Dunkin Donuts )<br>and Salima S. Saleem            )<br>    Plaintiffs                               )<br>       v.                                        )<br>                                              )<br>U.S. Citizenship and Immigration     )<br>Services;                                    )<br>Ruth Dorochoff, District Director of )<br>USCIS Chicago;                          )<br>Department of Homeland Security; )<br>Robert Devine, Secretary of the    )<br>Department of Homeland Security; )<br>Federal Bureau of Investigation;    )<br>Robert S. Mueller, III, Director of the )<br>Federal Bureau of Investigation     )<br>                                              )<br>    Defendants                              ) | Civil Action No.  FEB 06 2008<br><br>08CV792<br>JUDGE LINDBERG<br>MAGISTRATE JUDGE DENLOW |

## COMPLAINT FOR MANDAMUS

Now comes the Plaintiffs, Homewood Inc, d/b/a Dunkin Donuts and Salima S. Saleem, by and through undersigned counsel, and requests a hearing before the Court on the subject of Plaintiff's I140 Petition for Alien Worker, which has been pending for more than 120 days without resolution, and asks the Court for mandamus relief to order the timely adjudication of such petition.

### HISTORY OF THE PARTIES:

1. This action is brought pursuant to 28 USC, and all other relevant provisions of law, by the Plaintiffs to compel the Defendants to adjudicate the I 140 Petition for Alien worker for employer.

2. The I140 Petition for Alien Worker has been filed with the United States Citizenship and Immigration Services (USCIS).
3. The Department of Homeland Security (hereinafter "DHS") is the agency with overall responsibility for I 140 Petitions for Alien Workers, including coordinating the timely completion of background checks with the Federal Bureau of Investigations (FBI).
4. The FBI is the agency responsible for timely completing the background checks.
5. Defendant Robert Devine is being sued in his official capacity as the Secretary of the DHS. Mr. Devine has been responsible for the administration of the USCIS, which provides certain immigration related services.
6. Defendant Robert S. Mueller III is being sued in his official capacity as the Director of the FBI. As such, he is charged with conducting background checks of applicants for I 140 Petition For Alien Worker, when requested to do so by the USCIS.
7. Ruth Dorchoff is being sued in her official capacity as the District Director of USCIS for the Chicago District. As such, she is charged with the duty of administration and enforcement of all the functions, powers, and duties of USCIS in the Chicago District.
8. The Plaintiff, Salima S. Saleem, is a citizen of Pakistan. She resides in Chicago, Illinois, County of Cook.
9. This suit is also to protect the right of Salima Saleem. She is the beneficiary of the I-140 Petition for Alien Worker. On behalf, of her derivates, Syed Saleem Qadir, Rabina Saleem and Farheen Saleem invokes her right to family integrity, which is part of the Due Process Clause of the United States Constitution. See for, example, the discussion of this right in *Morris v. Dearborne*, U.S. Court of Appeals, 5th Circuit, No. 98-40488, decided July 16, 1999.

**JURISDICTION AND VENUE:**

10. This Court has subject matter jurisdiction over the complaint under at least the following jurisdictional provisions: 28 USC §§ 1331 and 1361 (the Mandamus Act with jurisdiction over questions of federal law) and the Administrative Protection Act ("APA"), 8 USC § 706(1) and INA §336 (b), 8 USC §1447(b) (jurisdiction to review applications). To redress the deprivation of rights, privileges and immunities secured to Plaintiffs, by which jurisdiction is conferred, to compel Defendants and those working under them to perform duties they owe to the Plaintiffs.
11. Jurisdiction is also conferred by 5 USC § 704. Plaintiffs is aggrieved by adverse agency action in this case, as the Administrative Procedures Act

requires in order to confer jurisdiction on the District Courts. 5 USC §§ 702 *et seq.*

12. Pursuant to 29 U.S.C. § 1391, venue is proper in this District on either of the following grounds: (1) the plaintiffs resides in the judicial district, the defendants are officers of the United States or agencies of the United States, and no real property is involved (28 U.S.C. §1391 (e)(3); or (2) acts or omissions giving rise to the action occurred in this District, as Plaintiff's application for I 140 was processed in part by the Chicago office of U.S. Citizenship and Immigration Services (28 U.S.C. § 1391 (e)(2)). The Defendants have their principal place of business in the District.

13. The aid of the Court is invoked under 28 USC§§ 2201 and 2202, authorizing a declaratory judgment.

14. Costs and attorneys fees will be sought pursuant to the Equal Access to Justice Act, 5 USC sec. 504, and 28 USC 2412(d), *et seq.*

## **COUNT I:**

15. The Plaintiffs reallege and incorporate by reference the allegations made above in Paragraphs 1-14.

16. Since April 3, 2006, and the defendants have failed to complete the case, more than one year after filing. Instead, Defendant Ruth Dorchoff has not provided the Plaintiffs with any decision on this matter and has not provided any substantive status.

17. Although the Defendants have acknowledged that the I 140 case is filed and pending with their office, and although they have been requested on numerous occasions to proceed with the case and complete it, they have continuously failed and refused to do so. The Defendants state that the matter is still pending.

18. There is no reason that Plaintiffs Homewood Inc, d/b/a Dunkin Donuts and Salima S. Saleem are disqualified for their I 140 Petition for Alien Worker. Even though the District Director may wish to investigate the case, there is no adequate justification for the vexatious delay due to background checks. Plaintiffs assert that the Defendants have no legal basis for failing to proceed with the case.

19. The DHS has a duty to adjudicate an application within 120 days of interview pursuant to 8 C.F.R. § 335.3(a), INA §336 (b), 8 USC §1447(b). See also, Castracani v. Chertoff, 377 F. Supp. 2d 71, 74 & n.8 (DDC 2005). Such duty is nondiscretionary and the Department of Homeland Security's duty is subject to positive command, plainly described and free from doubt.

20. In addition, 8 U.S.C. 1571 (b) provides: "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application, except that a petition for a nonimmigrant visa under section 1184 (c) of this title should be processed not later than 30 days after the filing of the petition."
21. By statute, Congress permits an applicant to seek review in District Court if the immigration agencies fail to decide on an application within 120 days of the initial examination. 8 U.S.C. § 1447 (b).
22. The Plaintiffs have exhausted all other avenues of relief with the Department of Homeland Security prior to the filing of this complaint.
23. Under § 1447 (b), the Court has the power to "either determine the matter or remand the matter, with appropriate instructions."
24. Plaintiffs intend to ask the Court to remand the matter to the Defendant with instructions to adjudicate the matter within 30 days.
25. Alternatively, if proceedings herein demonstrate that remand will not provide Plaintiffs with a timely decision, Plaintiffs asks the Court to adjudicate the petition.
26. Plaintiffs have no administrative remedy available to them. There are no administrative remedies provided for neglect of this regulatory duty. Mandamus is appropriate because there is no other remedy at law per Yu v. Brown, 36 F. Supp. 2d 922, 933-34 (D.N.M. 1999). Plaintiffs seek to compel a decision to be made, in terms of both mandamus and in terms of the Administrative Procedures Act for administrative action wrongfully withheld.
27. The issues in this case are not moot.

## COUNT II:

28. Plaintiffs reassert and reallege paragraph 1 through 29 as if set forth fully herein.
29. The FBI Defendants, the FBI and Mueller, owe Plaintiffs a duty to complete his background checks in a timely manner.
30. If the extra FBI name check is legitimately required as a condition precedent to adjudication, then Plaintiff's right to have their petition adjudicated in a timely manner encompasses the right to have her background checks completed in a timely manner as well.
31. The FBI Defendants are violating their duty by failing to complete their background checks in a timely manner by (a) refusing to effectively permit expedited handling of background checks which are long delayed; (b) failing to institute a system which would permit timely

completion of these background checks; (c) engaging in unnecessary extra checks by examining files unrelated to the Plaintiff; (d) refusing to give any partial response to the requestors.

32. Plaintiffs have exhausted all available administrative remedies.

**PRAYER:**

Wherefore, Plaintiffs prays that the Court

1. Take jurisdiction and remand the matter to Defendants and compel the Defendants to adjudicate the I 140 Petition for Alien Worker within 30 days.
2. In the alternative, to compel Defendants to complete the background checks of the Plaintiff.
3. Alternately, to take jurisdiction and make a final ruling on Petitioner's petition.
4. Entry of Judgment in favor of the Plaintiffs and against the Defendants, finding that the Defendant's procedures for conducting background checks are unreasonable, in violation of 5 U.S.C. 555 (b);
5. An order directing the FBI Defendants to complete the background check of the Beneficiary within 30 days, or other reasonable period as ordered by the court;
6. Plaintiffs further prays that if the decision is adverse to them, that the decision include an explanation to preclude the sense of retaliation for having brought this lawsuit or for having exposed the District Director's inefficiency to the senior officers of the district, region and central offices. Plaintiffs further seeks that the Defendants admit all the allegations stated in the complaint.
7. Order the Defendants to pay legal fees and costs in this action, and Grant such other relief as the Court deems necessary and proper.

Respectfully submitted,

_____
Mumtaz Husain for Homewood Inc d/b/a Dunkin Donuts

_____
Salima S. Saleem


_____
Sakina Carbide



Sakina Carbide
Attorney for Plaintiff
2315 W. Devon Avenue, 2nd Floor
Chicago, Illinois 60659
773-465-2378, 33191